UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ABRAHAM MEYER,<br><br>                      Plaintiff,<br>     v.<br><br>CITY OF CHEHALIS,<br><br>                      Defendant. | CASE NO. 3:22-cv-05008<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL (DKT. NO. 26) |

**I     INTRODUCTION**

This matter comes before the Court on Defendant City of Chehalis's ("the City") motion to compel Plaintiff Abraham Meyer to submit to a psychological examination pursuant to Federal Rule of Civil Procedure 35 and to submit his service dog to an evaluation by a service animal expert. (Dkt. No. 26.) For the reasons discussed below, the Court GRANTS in part and DENIES in part the City's motion.

## II     BACKGROUND

Plaintiff brings discrimination and retaliation claims pursuant to the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD") against his employer, the City. (Dkt. No. 1 at 8–10.) In 2019, Plaintiff, a firefighter, submitted a reasonable accommodation request to the City seeking permission to bring his service dog to work to help alleviate his post-traumatic stress disorder ("PTSD"). (*Id.* at 3–6.) The City ultimately denied this request. (*Id.* at 6.) Plaintiff's complaint alleges he was suffering from PTSD when his request for a reasonable accommodation was denied (*id.* at 3–6) and alleges "ongoing" economic and noneconomic damages resulting from the denial of his proposed reasonable accommodation for his PTSD (*id.* at 8). As part of the reasonable accommodation process between the parties, Plaintiff alleges, and the City does not dispute, he was subjected to psychiatric examinations by two different doctors in 2019, both of whom determined Plaintiff suffered from PTSD. (*See* Dkt. No. 26 at 1–2.)

## III     DISCUSSION

### A. Psychological Evaluation

The City seeks to compel Plaintiff to submit to a psychiatric examination with Dr. Cerise Vablais, who will provide expert psychological opinion on whether Plaintiff suffered from or currently suffers from "any psychological issues/disorders" and the causes of those issues. (*Id.* at 4.) Plaintiff, in opposition, argues there is no real dispute about whether he suffers from PTSD, his current PTSD damages are "garden variety," and he is not sure how Dr. Vablais would be able to determine whether he suffered from PTSD at the time of the denial of his reasonable accommodation request. (*See* Dkt. No. 31 at 3.) In its reply, the City points out that Plaintiff has

not withdrawn his claim for prior mental suffering, even though his current condition has improved.  (Dkt. No. 32 at 1.)

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Federal Rule of Civil Procedure 35(a), in turn, provides:

> The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

Fed. R. Civ. P. 35(a).

Plaintiff cannot seriously contest that he has put his mental health in controversy in this suit.  The existence, causes, and potential treatments for Plaintiff's PTSD are critical elements of Plaintiff's claims and the City's defenses thereto.  *See, e.g.*, *Sagdai v. Travelers Home & Marine Ins. Co.*, No. 21-00182-LK, 2022 WL 168564, at *2 (W.D. Wash. Jan. 19, 2022); *see also Fox v. State Farm Ins. Co.*, No. C15-535RAJ, 2016 WL 304784, at *6 (W.D. Wash. Jan. 26, 2016) (finding that "the fact that plaintiff alleges numerous health-related injuries, sought treatment for these injuries, and seeks damages for past and future medical expenses, puts plaintiff's mental state genuinely in controversy.").  The Court also agrees with the City that there is good cause for a Rule 35 exam here since the City would otherwise be forced to rely on years-old psychological evaluations conducted by dueling medical professionals to build their case.  The Court therefore GRANTS the City's motion to compel a psychological evaluation of Plaintiff.

**B.  Service Dog Evaluation**

The City also seeks to compel an evaluation of Plaintiff's current service dog or dogs.[1] (Dkt. No. 26 at 9.)

The City argues federal case law supports their position that Plaintiff bears the burden of establishing his dogs were service animals to prevail on his claims that he was discriminated against based on his disability. (*Id.* at 10–11.) The City seeks to have their expert, Shannon Walker, evaluate Plaintiff's service dogs because "[o]therwise, the trier of fact will be limiting [sic] to hearing plaintiff's testimony on what, if anything, the dogs have been trained to do, without any meaningful ability to discern whether this is factually true." (*Id.* at 12.) Plaintiff, in response, asserts that the City had an opportunity to inquire as to the training of Plaintiff's service dog during the parties' conversations regarding Plaintiff's reasonable accommodation request in 2019 and failed to do so. (Dkt. No. 31 at 4.) Plaintiff also argues that if the City believes Plaintiff is misrepresenting his service dog's training, they can contact an enforcement officer as provided by Washington law. (*Id.* at 5.)

The Court is not aware of any cases where a party has sought to compel another party's service dog to sit for an examination. Nonetheless, the Federal Rules of Civil Procedure provide some guidance here. Federal Rule of Civil Procedure 34(a)(1)(B) permits a party to serve a discovery request on another party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control . . . any designated tangible things." Fed. R. Civ. P. 34(a)(1)(B). The Ninth Circuit has held that animals such as cattle constitute "tangible things" for purposes of

---

[1] The City asserts "the dog that plaintiff asserts was his service animal in 2019 has been replaced by another." (Dkt. No. 26 at 10.) There appears to be uncertainty about which, if any, of Plaintiff's current service dogs would be used as part of any reasonable accommodation for his disability.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL (DKT. NO. 26) - 4

requests pursuant to Rule 34. *See Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56 (9th Cir. 1961); *see also Yates v. United States*, 574 U.S. 528, 554 (2015) (Kagan, J., dissenting) ("[C]ourts have understood the phrases 'tangible objects' and 'tangible things' in the Federal Rules of Criminal and Civil Procedure to cover everything from guns to drugs to machinery to . . . animals."). Rule 34 requests are ultimately limited to the scope of discovery announced in Rule 26(b)(1). The Court must therefore examine whether an evaluation of Plaintiff's current service dog is relevant and proportional to the needs of the case.

Under WLAD, an employee claiming a reasonable accommodation bears the burden of proving "that (1) she suffered from a disability, (2) she was qualified to do the job in question, (3) she gave notice of the disability to her employer, and (4) the employer failed to reasonably accommodate the disability." *LaRose v. King Cnty.*, 437 P.3d 701, 721 (Wash. Ct. App. 2019). The ADA similarly "treats the failure to provide a reasonable accommodation as an act of discrimination if the employee is a 'qualified individual,' the employer receives adequate notice, and a reasonable accommodation is available that would not place an undue hardship on the operation of the employer's business." *Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018). The ADA does not require an employer to disprove an employee's proposed reasonable accommodation. *Id.* at 1100. Rather, an employer must establish why the proposed reasonable accommodation constitutes an undue hardship. *Id.*

The Court finds that subjecting Plaintiff's current service dog or dogs to an examination to determine "what, if anything, the dog(s) is/are trained to do for his PTSD" (Dkt. No. 26 at 12) is not relevant nor proportional to the needs of the case. Under the ADA, the City must prove that accommodating Plaintiff's service dog or dogs constitutes an undue hardship. Whether

Plaintiff's specific service dog is trained as a service animal sheds little light on whether the use of a trained service animal would constitute an undue hardship.

Under WLAD, Plaintiff must establish that the accommodation of his disability was "reasonable." *See Gibson v. Costco Wholesale, Inc.*, 488 P.3d 869, 878 (Wash. Ct. App. 2021), *review denied*, 497 P.3d 391 (Wash. 2021). The ultimate focus of the inquiry is not on Plaintiff's specific service dog, but rather on the impact of a potential service dog on Plaintiff's PTSD and his ability to continue working in his current role. Specifically, the Court must determine whether the City denied, and continues to deny, an "available and reasonable accommodation" that would permit Plaintiff to continue with his job in a manner that accommodates his disability. *See Snapp*, 889 F.3d at 1095.

The Court, at this time, fails to see how evaluating Plaintiff's current service dog will help the Court answer this ultimate question or support the City's defenses. Evaluating Plaintiff's current service dogs will not shed light on the training of his prior service dog at the time of the City's initial denial of Plaintiff's reasonable accommodation request. Additionally, Plaintiff need not use his current service dog as part of any future reasonable accommodation reached with the City. Indeed, the focus on a specific service dog's training appears to be an implicit concession by the City that a service dog trained to their standards could constitute a reasonable accommodation. The Court therefore DENIES the City's motion to compel an evaluation of Plaintiff's current service dog.

## IV    CONCLUSION

Accordingly, and having considered the City's motion (Dkt. No. 26), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that the City's motion is GRANTED in part and DENIED in part.

1. Plaintiff SHALL sit for a psychological evaluation with Dr. Cerise Vablais within thirty days of the issuance of this order. The parties SHALL coordinate and reasonably agree to a mutually convenient day, time, and location to conduct the evaluation.

Dated this 23rd day of June, 2023.

David G. Estudillo
United States District Judge